# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1234

_____

Michael Thomas; Fredrick Newell;    *
Brian Conover,    *
    *
    Appellants,    *
    *   Appeal from the United States
    v.    *   District Court for the
    *   District of Minnesota.
City of Saint Paul,    *
    *   [UNPUBLISHED]
    Appellee.    *

_____

Submitted: November 14, 2008
Filed: March 26, 2009

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Appellants Michael Thomas, Fredrick Newell and Brian Conover (collectively, "Appellants") appeal an adverse grant of summary judgment on their race discrimination and equal protection claims against the City of Saint Paul (the City). The Appellants, three African-American business owners operating independent businesses in the St. Paul area, contend the City intentionally discriminated against them on the basis of their race through its contracting and procurement procedures.

Appellants' claims center primarily around the City's enforcement (or alleged lack thereof) of its Vendor Outreach Program (VOP). In the early 1990s, several

studies indicated certain business groups were awarded a disproportionately low number of contracts to provide goods and perform construction-related and other services for the City. As a result, The City enacted the VOP to encourage participation by minority-owned, women-owned and economically disadvantaged small businesses in city projects, and to assist those groups in securing a more representative number of municipal contracts. Various provisions of the VOP authorize the City to set goals for involvement by the targeted business groups in city projects, encourage general contractors to utilize these groups as subcontractors on certain projects, and take various other measures intended to remedy the effects of past discrimination and to prevent future discrimination in the City's contracting and procurement programs.

Notwithstanding the City's enactment of the VOP, Appellants (VOP-certified minority business owners at all relevant times) have been largely unsuccessful in their efforts to obtain contracts to perform services for the City. They attribute that lack of success to race-based animus in the contract-letting process. To that end, Appellants sued the City for intentional race discrimination in violation of 42 U.S.C. §§ 1981, 1983, 2000d, the Equal Protection Clause of the Fourteenth Amendment and the Minnesota Human Rights Act. After discovery, the district court[1] granted summary judgment for the City on all claims. The district court first concluded Appellants failed to show a cognizable injury fairly traceable to unlawful action by the City, as required to confer standing. Alternatively, the district court concluded the City was entitled to summary judgment on all claims because Appellants' evidence failed to create a genuine factual issue as to whether the City intentionally treated Appellants less favorably because of their race. This appeal followed.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. Wingate v. Gage County Sch. Dist., 528 F.3d 1074, 1078 (8th Cir. 2008). Thus, we take the evidence in the light most favorable to Appellants, the non-moving parties, and affirm summary judgment in the City's favor only if "'there is no genuine issue as to any material fact and . . . [the City] is entitled to judgment as a matter of law.'" STL 300 N. 4th, LLC v. Value St. Louis Assocs., L.P., 540 F.3d 788, 792 (8th Cir. 2008) (first alteration in original) (quoting Fed. R. Civ. P. 56(c)). Applying those standards here after having carefully reviewed the record, the parties' arguments, and the applicable legal authorities, we affirm. Even assuming Appellants have standing to pursue their claims, we find no reversible error in the court's alternate disposition of those claims. Accordingly, the judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____